UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ADAM BOCTKING, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES and UNITED )<br>STATES POSTAL SERVICE, )<br>)<br>Defendants. ) | 3:10-cv-10-RLY-WGH |

## ENTRY ON MOTION TO SET ASIDE DEFAULT

### Introduction

This matter is before the court on defendants' Motion to Set Aside Entry of Default filed April 13, 2010. (Docket No. 13). Plaintiff filed a Response on April 29, 2010. (Docket No. 15).

### Background and Procedural History

On January 15, 2010, plaintiff filed his Complaint For Personal Injuries and Summonses to the United States Attorney's Office, the United States Attorney General, and the United States Postal Service. Plaintiff sent a copy of the Summons and Complaint to the civil process clerk of the United States Attorney's Office via certified mail on January 19, 2010, and the certified mail return service card was signed by a representative of the United States Attorney's office on January 20, 2010, indicating that service was made. Plaintiff also sent

a copy of the Summons and Complaint to the U.S. Attorney General on or about January 19, 2010, and the certified mail return service card was stamped by a representative on January 26, 2010.  A copy of the Summons and Complaint was sent via certified mail to the United States Postal Service on or about January 19, 2010, and the certified mail return service card was signed by a representative indicating service was made on January 21, 2010.   Pursuant to Rule 12(a)(2) of the Federal Rules of Civil Procedure, defendants were required to serve their answers within sixty (60) days after service on the United States Attorney.  Service to the United States Attorney was made on January 20, 2010, therefore making defendants' answers due to be filed on or by March 22, 2010.  On April 7, 2010, plaintiff filed an Application for Entry of Default.  Defendants received hard copy of the Entry of Default on April 12, 2010.  Defendants filed a Motion to Set Aside Entry of Default on April 13, 2010.  Defendants state that a calendaring mistake was the cause of their failure to answer.  Plaintiff responded on April 29, 2010, with an Objection to that motion.

## Legal Standard of Review

Rule 12(a)(2) of the Federal Rules of Civil Procedure requires the United States and its agencies, officers, and employees sued in an official capacity to file an answer within sixty (60) days of service of the summons and complaint.  Failure to do so may result in the defendant being found in default, under Rule 55(a).  After the Clerk has entered a default, a party must move to set aside the default.

The rule for setting aside a default is governed by Federal Rule of Civil Procedure 55(c), which permits an entry of default to be set aside when good cause is shown. Additionally, the Seventh Circuit has said, a defendant seeking to set aside a default has the burden of demonstrating: (1) good cause for its default; (2) quick action to correct it; and (3) a meritorious defense to the plaintiff's complaint. *Sun v. Board of Trustees of Univ. of Ill.,* 473 F.3d 799, 810 (7th Cir. 2007).

In cases relating to Rules 55(c) and 60(b), the district court is given great deference when making its decision. *Swaim v. Moltan Co.,* 73 F.3d 711, 722 (7th Cir. 1996). Our cases also articulate a policy of favoring trial on the merits over default judgment. *Cracco v. Vitran Express, Inc.,* 559 F.3d 625, 631 (7th Cir. 2009).

## Analysis

When making the decision to set aside an entry of default, the court looks to the three factors mentioned above: good cause for default, quick action to correct the default, and the existence of a meritorious defense to plaintiff's complaint. Defendants set out three arguments why the decision concerning the motion to vacate the entry for default should be granted. Defendants argue that they meet the three-part standard set out under Rule 55(c) of the Federal Rules of Civil Procedure.

### 1. Good Cause for Default

The moving party must show a "good cause for default." The good cause suggested by defendants is an error in calendaring; they believed they had one more month to file their answer. Defendants have shown through their explanation that "they did not willfully ignore the pending litigation, but, rather failed to respond" to the Complaint through inadvertence. *Cracco,* 559 F.3d at 631. Plaintiffs have presented no evidence of this fact to the contrary. The court must conclude that the failure to respond was inadvertent, and was the fault of counsel and not the client directly. Good cause to relieve the client of the attorney's miscalculation has been shown here.

### 2. Quick Action to Correct the Default

The moving party must also show that they took quick action to correct the default. This was accomplished in this case. Defendants became aware of the entry of default on April 12, 2010, through a receipt of hard copy in the mail, and filed their Motion to Set Aside Entry of Default on April 13, 2010. The court concludes that this qualifies as quick action on the part of the defendants to correct their mistake.

### 3. The Existence of a Meritorious Defense to the Original Complaint

Defendants must also show they have a meritorious defense to the original Complaint. "A defense is meritorious if it is good at law so as to give the fact finder some determination to make. However, a defendant must allege more than . . . bare legal conclusions." *Franklin v. PTS of America, LLC,* No. 08-CV-1264,

2010 WL 582618, at *2 (C.D. Ill. Feb. 10, 2010)(internal quotation and citations omitted). In their Motion to Set Aside Default, defendants allege the existence of a meritorious defense in this matter. Specifically, they allege an answer will at least include that plaintiff's damage remedy is limited to damages recoverable under the Federal Tort Claims Act; and that the injuries and damages of which plaintiff complains were not proximately caused by any negligent act of a federal agent. These defenses, if pled, would meet the definition of a meritorious defense.

## Conclusion

For all reasons outlined above, the United States and the United States Postal Service's Motion to Set Aside Entry of Default is **GRANTED,** contingent upon filing an answer within twenty (20) days establishing a meritorious defense.

**SO ORDERED.**

**Dated:** June 2, 2010

_William G. Hussmann, Jr._
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

Bryan S. Rudisill
WAGONER AYER HARGIS & RUDISILL, LLP
brudisill@psci.net

John A. Hargis
WAGONER AYER & HARGIS
jahargis@psci.net

Margaret A. Schutte
UNITED STATES ATTORNEY'S OFFICE
margaret.schutte@usdoj.gov