UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ADAM BOCTKING, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 3:10-cv-10-RLY-WGH |
| ) | |
| UNITED STATES OF AMERICA ) | |
| Defendant. ) | |

**ENTRY ON DEFENDANT'S MOTION TO LIMIT DAMAGES
TO AMOUNT OF ADMINISTRATIVE CLAIM**

Plaintiff, Adam Boctking ("Plaintiff"), was involved in an automobile accident that he alleges was caused by a vehicle driven by a United States Postal Service ("USPS") employee. Defendant, United States of America ("Defendant"), now seeks to limit the damages recoverable in this suit to the amount Plaintiff sought in his administrative claim. For the reasons set forth below, the court **DENIES** Defendant's motion.

**I.     Background**

On February 5, 2004, Plaintiff was the front seat passenger in a vehicle that Plaintiff alleges was forced off of the road into a ditch by an oncoming vehicle driven by David Howland, a USPS employee. (Complaint ¶ 5). Plaintiff filed suit in state court against Howland on February 4, 2005. On May 15, 2006, the state court suit was dismissed. (*Id*.). On May 22, 2006, Plaintiff filed an administrative claim pursuant to the Federal Tort Claims Act ("FTCA") with the USPS in which he sought $500,000 in

1

damages. Attached to Plaintiff's administrative claim was a memorandum in which Plaintiff acknowledged that he previously underwent an MRI that revealed a herniated disc and that he was recently seen by a neurologist who informed him that he was an ideal candidate for disc replacement surgery on his back. As of May 17, 2006, the administrative claim indicated Plaintiff was a 17-year-old young man who had received only "Vax-D" treatments, missed one week of summer employment at Holiday World, and had accumulated $4,500 in medical bills. The claim further states: "It is unclear at this time what types of employment Adam may be physically unable to perform in the future as a result of his injuries." On November 2, 2006, Plaintiff's administrative claim was denied because Plaintiff "is scheduled to undergo surgery in December (2006)," and "the deadline for adjudicating the claim will pass on November 19, 2006." The denial letter further states: "After you have had the opportunity to conclude your investigation into Mr. Boctking's medical condition, we would welcome the opportunity to attempt to resolve this claim with you should you decide that you wish to file a request for reconsideration with our office."

Plaintiff filed a Request for Reconsideration on April 17, 2007, which reported, in part, that he had, in fact, undergone a different type of back surgery on December 20, 2006. Plaintiff also reported that "[b]y the time that he returned to Dr. McCord for a follow-up visit on February 6, 2007[,] he had no physical complaints and his pain was gone." The USPS denied Plaintiff's Request for Reconsideration on procedural grounds

2

on January 26, 2010, after Plaintiff filed suit in this court.[1]

On January 15, 2010, Plaintiff filed his Complaint in this court. Defendant alleges that in August 2010 it became aware of Plaintiff's intention to seek damages in excess of the $500,000 listed in Plaintiff's administrative claim.

## II. Discussion

"The goal of the administrative claim requirement is to let the government know what it is likely up against: mandating that a claimant propound a definite monetary demand ensures that the government will at all relevant times be aware of its maximum possible exposure to liability and will be in a position to make intelligent settlement decisions." *Reilly v. United States,* 863 F.2d 149, 173 (1st Cir. 1988)(citing S.Rep. No. 1327, 89th Cong., 2d Sess. 2, reprinted in 1966 U.S.Code Cong. & Admin. News 2515, 2516). Section 2675(b) of the FTCA provides that:

> Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.

28 U.S.C. § 2675(b) (2006). Plaintiff, therefore, cannot recover any amount in excess of the sum sought in his administrative claim unless he meets at least one of the defined exceptions to the statutory cap. *Zurba v. United States,* 318 F.3d 736, 738-39 (7th Cir.

---

[1]Because there is no communication in the record from the USPS between April 20, 2007, and January 26, 2010, this court concludes that the USPS neither granted the Request for Reconsideration nor denied the new claim until after suit was filed.

3

2003); *Erxleben v. United States,* 668 F.2d 268, 273 (7th Cir. 1981). In particular, the general rule does not apply in instances "where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency," or where Plaintiff demonstrates "proof of intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(b); *Zurba,* 318 F.3d at 739. Plaintiff bears the burden of proving either newly discovered evidence or intervening facts. *Zurba,* 318 F.3d at 739; *Henriksen v. United States,* 2011 WL 856657 at *1 (N.D. Ill. March 9, 2011).

The Seventh Circuit has considered the scope of Section 2675(b) in the context of a personal injury claim and explained that "an unforeseen worsening of a known injury may constitute 'newly discovered evidence' or 'intervening facts.'" *Zurba,* 318 F.3d at 739 (citing *Michels v. United States,* 31 F.3d 686, 688 (8th Cir. 1994)).[2] The Seventh Circuit, in *Zurba,* cited to multiple authorities in holding that an FTCA claimant can seek damages in excess of the amount in the administrative claim in instances where there was *no reasonable belief* that his symptoms would be permanent or the condition would worsen. *Id.* at 739-42.

The Plaintiff has the burden of demonstrating that his condition worsened in an unforeseeable way after the May 2006 filing of his administrative claim. In this case, as in *Zurba,* Plaintiff was aware of his injury and the need for some form of surgery on his

---

[2]In *Michels*, the Eight Circuit concluded that a known injury can worsen in ways that are not *reasonably discoverable* by the claimant or his/her physician at the time of the filing of the administrative claim and thus constituted "newly discovered evidence" or "intervening facts" for purposes of the statutory exceptions. *Michels,* 31 F.3d at 688.

back at the time of his administrative claim. However, Plaintiff has presented sufficient evidence that, as of the filing of his administrative claim, there was no reasonable belief that his condition would significantly worsen and that he would need multiple surgeries in the future.

In May 2006, Plaintiff's claim described an injury of a moderate nature to a 17-year-old which had been dealt with by medical treatment in the amount of $4,500 and for which he had missed one week of summer employment.

David McCord, M.D., is an orthopedic spine specialist, who has treated Plaintiff since August 17, 2006. (Affidavit of David McCord ("McCord Aff.") ¶¶ 5-6). Prior to Plaintiff's first surgery, Dr. McCord believed that Plaintiff's chances of doing relatively well were good. He performed Plaintiff's first spine surgery on December 20, 2006. Dr. McCord states that Plaintiff's back condition improved after the December 2006 surgery, but that it then subsequently worsened resulting in the need for two additional surgeries on May 13 and 14, 2008. These surgeries post date Plaintiff's Request for Reconsideration filed in April 2007, as well as the supporting letter sent in June 2007. Dr. McCord further states that Plaintiff's back condition improved after the May 2008 surgeries, but that his condition then worsened leading to another surgery on March 11, 2009. After Plaintiff's March 2009 surgery, his condition improved again, but he later required two more surgeries on December 22 and 23, 2010. Dr. McCord indicates that, prior to Plaintiff's first back surgery in December 2006, there was no reasonable expectation or belief that Plaintiff would need five additional surgeries. Dr. McCord

5

further opines that, prior to Plaintiff's first surgery in December 2006, Plaintiff's worst-case prognosis could not have reasonably included the need for six back surgeries. (*Id*. ¶ 7-13). In fact, Dr. McCord indicates that Plaintiff's initial problems were at the L5-S1 level, which led to the need for three of his surgeries. However, Plaintiff subsequently needed the three additional surgeries in March 2009 and December 2010 at the L4-L5 level of his spine. Dr. McCord explains that, prior to July 2007 "[t]here was no reasonable expectation or reason to believe that [Plaintiff] would require surgeries at the L4-L5 level of his spine," as that portion of Plaintiff's spine was not causing him problems until June 2007. (*Id*. ¶¶ 17, 19). The later surgeries described by Dr. McCord have caused the medical bills incurred by Plaintiff to rise from the original $4,500 to $518,470. (Affidavit of Adam Boctking ¶ 11).

These facts are more than sufficient to allow Plaintiff to seek damages in excess of the $500,000 he sought in his May 6, 2006, administrative claim, or the $600,000 set forth in the amended administrative claim. The unforeseen worsening of Plaintiff's condition and the unforeseen need for additional surgeries at a different level of the spine appear to constitute "newly discovered evidence" and/or "intervening facts."

**III.   Conclusion**

For the reasons stated above, Defendant's Motion to Limit Damages to Amount of Administrative Claim (Docket # 45) is **DENIED.  The Plaintiff shall serve a new settlement demand upon the defendant within fifteen (15) days of the date of this entry.**

**SO ORDERED** the 12th day of October 2011.

_____
RICHARD L. YOUNG,  CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

John A. Hargis
WAGONER AYER & HARGIS
jahargis@psci.net

Debra G. Richards
UNITED STATES ATTORNEY'S OFFICE
debra.richards@usdoj.gov

Bryan S. Rudisill
WAGONER AYER HARGIS & RUDISILL, LLP
brudisill@psci.net

Margaret A. Schutte
UNITED STATES ATTORNEY'S OFFICE
margaret.schutte@usdoj.gov